IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CYNTHIA KNOX                                                                PLAINTIFF

v.                                              CIVIL ACTION NO. 2:12-cv-00166-GHD-SAA

PHC-CLEVELAND, INC.
d/b/a Bolivar Medical Center                                                DEFENDANT

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S BILL OF COSTS

On February 26, 2014, the Court entered an Order [53] and memorandum opinion [54] granting Defendant PHC-Cleveland, Inc.'s motion for summary judgment [38] of all claims against it in this action. Specifically, the Court found that Plaintiff Cynthia Knox had failed to raise a genuine dispute of fact on her race discrimination claims brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

On June 16, 2014, Defendant PHC-Cleveland, Inc. filed a bill of costs [55] requesting recovery of a total of $2,175.30 from Plaintiff Cynthia Knox: $1,487.50 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case and $687.80 in fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case. Plaintiff Cynthia Knox has filed no objection or other response to the bill of costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the

1

sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (Feb. 26, 2013). "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (quoting *Walters*, 557 F.2d at 526) (citation and internal quotation marks omitted).

The following six categories of costs are recoverable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). The "Supreme Court has indicated that federal courts may only award those costs articulated in [S]ection 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New*

*England PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007). With all of the foregoing in mind, the Court now addresses each category of requested costs.

1. **Deposition Transcript Fees**

First, Defendant PHC-Cleveland, Inc. requests recovery of costs for deposition transcripts obtained in the case. Costs related to the taking of depositions are allowed under Section 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit has stated: "We have previously held that 'whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. We accord great latitude to this determination.' " *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (quoting *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). "[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co.*, 170 F.3d at 536 (citing *Fogleman*, 920 F.2d at 285). Stated another way, "such costs are recoverable if the party making the copies has a reasonable belief that the documents will be used 'during trial or for trial preparation.' " *See Rundus*, 634 F.3d at 316 (quoting *Fogleman*, 920 F.2d at 285) (emphasis added). "[C]osts incurred 'merely for discovery' do not meet that standard." *Id.* (quoting *Fogleman*, 920 F.2d at 285–86) (internal citations and quotation marks omitted)). The Fifth Circuit explained in *Marmillion v. American International Insurance Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam): "We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for a party to recover the costs of the deposition transcript. . . . [T]he pertinent question is whether the transcript was necessarily obtained for use in the case."

3

Defendant PHC-Cleveland, Inc. claims it is entitled to recover $1,487.50 for seven deposition transcripts of the following deponents necessarily obtained for use in the case: Cynthia Knox, Betty Britt, Benjamin Bufkin, Billie Wiley, Hannah Dreher, Joann McCollum, and Wes Sigler. Defendant PHC-Cleveland, Inc. supports these requests with a bill of costs itemizing the specific amount claimed as deposition transcript fees, *see* Bill of Costs [55] at 1; Bill of Costs—Copy Costs [371-3] at 1; an itemization of this cost, *see* Itemization of Costs [55-1] at 1; and invoices reflecting the itemization of this cost, *see* Bill of Costs—Invoices [55-1] at 4–5. As stated above, Defendant PHC-Cleveland, Inc., as the prevailing party, is prima facie entitled to the costs of obtaining these deposition transcripts. Also, as stated above, Plaintiff Cynthia Knox has not objected to the inclusion of this cost. The Court finds that the amount requested for deposition transcript fees is taxable as a cost.

### 2. Fees for Exemplification and the Costs of Making Copies of Materials

Defendant PHC-Cleveland, Inc. additionally requests recovery of its fees for exemplification and the costs of making copies of materials which it maintains were necessarily incurred for use in the case: $687.80. A party may tax as costs "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3), (4); *Mota v. Univ. of Tex.*, 261 F.3d 512, 529 (5th Cir. 2001). Although copying costs may be recovered when copies are obtained for use in the case, the prevailing party must verify that the particular copies were "necessarily obtained for use in the case." *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). This is usually done by submitting an affidavit attesting that the amount claimed is correct and that the services giving rise to the costs were actually and

necessarily performed. 28 U.S.C. § 1924; *see also Alexander v. City of Jackson*, 456 F. App'x 397, 402 (5th Cir. 2011).

Defendant PHC-Cleveland, Inc. seeks recovery for medical and employment record printing charges, background check and criminal history search charges, and printing and/or copying charges of several documents it filed in this case, and supports these requests with a bill of costs itemizing the specific amount claimed as exemplification and copy expenses. *See* Bill of Costs [55] at 1; Itemization of Costs [55-1] at 1–2. Defendant PHC-Cleveland, Inc. further supports its request with documentation showing that the exemplification and copy fees were incurred in the case. *See* Bill of Costs—Invoices [55-1] at 6–12. The Court addresses each item as follows.

The Court finds that Defendant PHC-Cleveland, Inc. has shown that the copies of Plaintiff Cynthia Knox's medical and employment records were necessarily obtained for use in the case and thus are taxable as costs. Therefore, Defendant PHC-Cleveland, Inc. may recover the requested $94 for those charges.

The Court further finds that Defendant PHC-Cleveland, Inc. has shown that the copies of its own filings in the case, as documented on page two of the itemization of costs [55-1], were necessarily obtained for use in the case and thus are taxable as costs. *See, e.g., Allstate Ins. Co. v. Plambeck*, No. 3:08-cv-388-M, 2014 WL 2980265, at *11 (N.D. Tex. July 2, 2014) (citing *Iniekpo v. Avstar Int'l Corp.*, NO. SA-07-CA-879-XR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010)). Therefore, Defendant PHC-Cleveland, Inc. may recover the requested $379.25 for those charges.

However, the requested $214.55 charge to conduct background checks and criminal history searches on Plaintiff Cynthia Knox and other individuals associated with the case is not properly taxed as a cost. "Most courts have refused . . . to tax as costs charges for electronic research . . . because electronic research is not listed in 28 U.S.C. § 1920 and the Supreme Court held in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987), that only items listed in [Section] 1920 could be taxed as costs." *Ill. Cent. R.R. v. Harried*, No. 5:06cv160–DCB–JMR, 2011 WL 283925, at *6 (S.D. Miss. Jan. 25, 2011). *Accord Gros v. New Orleans City*, Nos. 12–2322, 12–2334, 12–2374, 2014 WL 2506464, at *16 (E.D. La. June 3, 2014); *Stuart C. Irby Co. v. Bayview Elec. Co.*, No. 3:12cv007–B–A, 2014 WL 670230, at *3 (N.D. Miss. Feb. 20, 2014); *Javelin Invs., LLC v. McGinnis*, No. H-05-3379, 2007 WL 1003856, at *4 (S.D. Tex. Mar. 30, 2007). "Further, though it has yet to address the question, the Fifth Circuit 'recently held that a district court abused its discretion in awarding costs, including electronic research charges, not enumerated in [Section] 1920 without citing the statutory basis for the award and remanded for the district court to do so.'" *Stuart C. Irby Co.*, 2014 WL 670230, at *3 (quoting *Harried*, 2011 WL 283925, at *6) (in turn citing *Gagnon*, 607 F.3d at 1045)). This Court finds that the listed charges for background checks and criminal history searches do not appear to meet § 1920's definition of a cost, and Defendant PHC-Cleveland, Inc. has provided no support to the contrary. *See, e.g., Japan Bio Sci. Lab. Co. v. N-Zymeceuticals, Inc.*, No. 07–cv–02635–DME–MJW, 2009 WL 1847359, at *1–2 (D. Colo. June 24, 2009). Furthermore, Defendant PHC-Cleveland, Inc. has not demonstrated to this Court how such searches were necessary to this race discrimination case brought under Title VII and § 1981. *See, e.g., Street v. U.S. Currugated, Inc.*, No. 1:08–CV–00153, 2011 WL 2971036, at *3 (W.D. Ky. July 20, 2011). Accordingly, this Court finds that the requested fee for background

6

checks and criminal history searches is not taxable as a cost. For all the foregoing reasons, the bill of costs shall be reduced by $214.55.

### Conclusion

In sum, Defendant PHC-Cleveland, Inc.'s bill of costs [55] is GRANTED IN PART AND DENIED IN PART. The bill of costs shall be reduced by $214.55, the amount requested for background checks and criminal history search charges. Plaintiff Cynthia Knox is taxed $1,960.75 as costs in this action.

An order in accordance with this opinion shall issue this day.

THIS, the 21st day of July, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE